UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
Lake Charles Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KOHLL'S PHARMACY &<br>HOMECARE, INC., D/B/A<br>ESSENTIAL PHARMACY<br>COMPOUNDING, et al.,<br>　　　　　　　　　　　Defendants. | CASE NO. 2:17-CR-00039-02<br>　Hon. Donald E. Walter, Judge<br><br>Defendant Kohll's Pharmacy's<br>Rule 29 Motion for Judgment of Acquittal |

**Motion for Judgment of Acquittal**

　　Defendant Kohll's Pharmacy & Homecare, Inc. d/b/a Essential Pharmacy Compounding (Kohll's), respectfully moves for a Judgment of Acquittal within fourteen (14) days after the guilty verdict. It does so on each and all of the following grounds, individually and collectively, and does so pursuant to *Fed R Crim* § 29 (c). Oral Motions for Judgment of Acquittal were made at the close of the Plaintiff's evidence, and again at the close of all evidence. Both Motions were overruled without argument.

　　1.　　The Court erred when it denied Kohll's Motion for Judgment of Acquittal made at the conclusion of the prosecution evidence and again erred when it denied the Motion for Judgment of Acquittal made at the conclusion of all the evidence.

　　2.　　While Kohll's is charged with violations of 21 *USC* §§ 331(a) and 331(a)(2) and related provisions of the Act at 21 *USC* §§ 301 *et seq*., and for a conspiracy to violate the Act, the *Food Drug & Cosmetic Act* ("FDCA") does not apply to veterinary compounding and, for this reason, there can be no violation of the statutes alleged in Counts I or II or IV of the Indictment.

　　3.　　The Indictment's three (3) Counts charging Kohll's all presume that a compounded prescription, prescribed by a veterinarian, is a "new animal drug" subject to the FDCA. But, it is not, and there is no evidence any party intended it to be, or to mimic,

a new animal drug. At a minimum the term "new animal drug" may be ambiguous and, to the extent it is, judgment as a matter of law is required because compounded animal prescriptions were never explicitly considered by Congress to be "new animal drugs", subject to the Act. All prescriptions filled by Kohll's in this case were compounded preparations prepared pursuant to prescriptions. Accordingly, no conspiracy to defraud a federal agency was formed or committed.

4. Compliance with state law bars prosecution against Kohll's for acts lawfully undertaken as a compounding pharmacy filling a lawful prescription for a compounded preparation because the FDA defers to state law to regulate these matters.

5. In overruling Kohll's Motion to Dismiss prior to trial, the Court incorrectly failed to conclude that 21 *USC* § 353a leaves pharmacy compounding control and regulation with the states and beyond the scope of the FDCA. The Court also incorrectly concluded that the *Animal Medicinal Drug Use Clarification Act* ("*AMDUA*"), amending FDCA to permit certain off-label uses of human and animal drugs, did not regulate veterinary compounding with substances neither approved nor banned by the FDA. 21 *USC* §§ 360b(a)(4)&(5). Under *AMDUA*, off-label or extra-label use of an already approved new animal or new human drug, in the context of a valid pharmacist-prescriber-patient relationship, does not require FDCA approval as a "new animal drug". *Id*. Accordingly, no conspiracy to defraud a federal agency was formed or committed.

6. The Court's reliance and ruling on the pretrial Motion to Dismiss filed by Kohll's on *Med Ctr Pharmacy v. Mukasey*, 536 F3d 383, 395 (5th Cir 2008) is misplaced. The *Med Ctr* decision is diametrically contrary to decisions from other circuits of the United States Court of Appeals and represents a split with other circuits and a decision of the Fifth Circuit that is out of step with the logic and substance of decisions concerning the need of a compounder for FDCA approval upon changing the composition of a drug. Further, *Med Ctr Pharmacy v. Mukasey* was a civil case presenting different issues, unaffected by the rule of lenity, and is simply not perceived as controlling authority. The correct definitions of "drug" and "new animal drug" exclude compounded preparations,

including those in this case, from the FDCA and the regulatory reach of the FDA. Accordingly, no conspiracy to defraud a federal agency was formed or committed.

7. Counts II and IV of the Indictment against Kohll's allege, and the jury purportedly found, violations of 21 *USC* §§ 331a and 333(a). But crimes were not proven under these statutes or Counts for the reasons stated in ¶¶ 2-6 above.

8. The Court erroneously sustained objections at trial to questions put to witness Allen Kurland concerning the actions of witness Byron Carpenter, a former Kohll's employee, to sign on to Kohll's Professional Pharmaceutical Computer Program while posing as an imposter pharmacist, writing prescriptions, and otherwise taking other steps not known or fully discoverable.

> 8.1 This evidence was rejected by the Court because the Court perceived it as offered to challenge the credibility of the witness. But, it was not offered for this purpose.
>
> 8.2 Instead, the tendered and rejected evidence was offered to prove that Kohll's acted as it did to fulfill the prescription requests of veterinarians, but to discontinue it when an insufficient demand for the product existed between November 17, 2010 and May 2012, when the last prescription of Dr. Hebert was filled.

9. Only sales of dermorphin made to Dr. Hebert by Kohll's after December 31, 2011, are actually within the period described in the Indictment. All previously transactions occurred before dermorphin was banned, and at a time when its sale was not unlawful for any purpose proscribed by the FDCA, or state law, or state regulations governing horse racing. The Indictment fails to state crimes, and the evidence fails to prove them, in view of these dates.

10. The Prosecution failed to introduce sufficient evidence of each essential element of the Crime Charged in Count I of the Indictment against Kohll's.

11. The Prosecution failed to introduce sufficient evidence of each essential element of the Crime Charged in Count II of the Indictment against Kohll's.

D52334

12. The Prosecution failed to introduce substantial evidence of each essential element of the Crime Charged in Count IV of the Indictment against Kohll's.

13. The verdict is contrary to the weight of the evidence. The verdict is also not supported by substantial evidence.

14. The interests of justice require a Judgment of Acquittal.

November 16, 2017.

                                      Kohll's Pharmacy & Homecare, Inc.,
                                      d/b/a Essential Pharmacy Compounding,

                                      BY: /s/ Alan G. Stoler

                                      Counsel for Defendant
                                      Admitted *Pro Hac Vice*
                                      NE Bar#15764
                                      Alan G. Stoler, P.C.,L.L.O.
                                      1823 Harney St. Suite 1004
                                      Omaha, NE 68102
                                      astoler@ix.netcom.com
                                      (402) 346-1733
                                      FAX: 402-346-2242

                                /s/ GERALD J. BLOCK, ID# 3149
                                      Counsel for Defendant
                                      321 West Main Street, Ste. 2-E
                                      Post Office Box 53506
                                      Lafayette, LA 70505
                                      (337) 233-9296
                                      lblock@block.glacoxmail.com

D52334

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | 2:17-CR-00039-2 |
| | * | JUDGE WALTER |
| VERSUS | * | MAGISTRATE JUDGE KAY |
| | * | |
| KOHLL'S PHARMACY AND HOMECARE | * | CERTIFICATE OF SERVICE |
| INC., d/b/a/ ESSENTIAL PHARMACY | * | |
| COMPOUNDING | * | |

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Joseph T. Mickel, Assistant United States Attorney and all counsel of record by operation of the court's electronic filing system.

    This 16th day of November, 2017.

    BY: /s/ Alan G. Stoler
    Counsel for Defendant
    Admitted Pro Hac Vice
    NE Bar#15764
    Alan G. Stoler, P.C.,L.L.O.
    1823 Harney St. Suite 1004
    Omaha, NE 68102
    astoler@ix.netcom.com
    (402) 346-1733
    FAX: 402-346-2242

    /s/ GERALD J. BLOCK, ID#3149
    Counsel for Defendant
    321 West Main Street, Ste. 2-E
    Post Office Box 53506
    Lafayette, LA 70505
    (337) 233-9296
    lblock@block.glacoxmail.com